**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nickie Miller, | No. CV 10-2693-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Wyeth LLC f/k/a Wyeth, Inc., Wyeth Pharmaceuticals, Pfizer, Inc., individually and as Successor-in-Interest to Pharmacia & Upjohn Company, | |
| Defendants. | |

Currently pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 32). The Court now rules on the Motion.

**Motion to Amend**

In her Motion for Leave to File a Second Amended Complaint, Plaintiff requests leave to affirmatively plead the discovery rule and fraudulent concealment. Plaintiff does not seek to add new causes of action. Plaintiff filed her Motion to Amend before the August 1, 2011 deadline set in the Court's Scheduling Order.

The Court should "freely give leave [to amend] when justice so requires." FED.R.CIV.P. 15(a)(2). Whether to grant a motion to amend depends on the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Western Shoshone Nat'l. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). The most important

1 | of these factors is prejudice to the opposing party. *United States v. Pend Oreille Pub. Util. Dist., No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991).

Defendants do not argue undue delay or bad faith on the part of Plaintiff, nor do they argue they will suffer prejudice – the most important factor – if the Court grants the Motion to Amend. Defendants argue that the proposed amendments would be futile and that Plaintiff has amended her complaint many times already.

Defendants argue Plaintiff has not alleged sufficient facts in her proposed amendment to entitle her to tolling of the applicable statute of limitations based on either fraudulent concealment or the discovery rule. Without opining whether the proposed amendments would survive a motion to dismiss, the Court finds Defendants have not demonstrated that amendment would be futile. The Court will not address the merits of Plaintiff's claims and Defendants' statute-of-limitations defense on a Motion to Amend.

Defendants also argue that Plaintiff should not be given further opportunity to amend because she already has had several opportunities to amend. In making this argument, Defendants mistakenly rely on the procedural history of various prior lawsuits that included Plaintiff's claim. In the case pending before the undersigned, Plaintiff has amended her complaint only once before. The Court therefore disagrees with Defendants' assertion that Plaintiff has had several opportunities to amend her complaint.

Because the Court finds that amendment would not be futile and that Plaintiff has not repeatedly amended her complaint in the pending case and because Defendants have not argued undue delay, bad faith, or prejudice, the Court will grant the Motion to Amend. Plaintiff will have five (5) days to file her Second Amended Complaint.

Accordingly,

///

///

///

///

**IT IS ORDERED** granting Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 32). Plaintiff must file her Second Amended Complaint within five (5) days of the date of this Order.

DATED this 20th day of September, 2011.

*James A. Teilborg*
United States District Judge